FILED
SUPERIOR COURT
OF GUAM

2023 MAR 31 PM 4: 13

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM FIRE DEPARTMENT, by and through the Office of the Attorney General, | SPECIAL PROCEEDINGS CASE NO. SP0055-22 |
| Petitioner, | |
| vs. | |
| THE GUAM CIVIL SERVICE COMMISSION, | **DECISION AND ORDER** *Re: Employees' Motion to Dismiss* |
| Respondent, | |
| 3 GFD EMPLOYEES (J.J. CRUZ, R.T. CANDASO, AND J.A. PANGELINAN), | |
| Real Parties Interest. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 5, 2023, for a hearing on J.J. Cruz, R.T. Candaso, and J.A. Pangelinan's ("Employees") Motion to Dismiss. Present at the hearing were: Assistant Attorney General Matthew E. Wolff for the Guam Fire Department ("GFD"), Attorney Erick Miller for the Guam Civil Service Commission ("CSC"), and Attorney Jacqueline T. Terlaje for the GFD Employees. Having considered the arguments, briefs, and applicable law, the Court hereby **DENIES** Employees' Motion to Dismiss.

## BACKGROUND

The instant case arises from GFD's Petition for Judicial Review and Declaratory Judgment, filed on April 25, 2022. The Petition reflects the following record relevant to the Court's analysis here.

On September 20, 2011, GFD produced the Fire Recruit FL02-01 Hiring Certification Package for the Employees. *See* Petition p. 2 (April 25, 2022). Employees filed a grievance requesting a change to a higher step equivalent to that of their previous non-firefighter jobs. *See Id.* at p. 3. J.J. Cruz was most recently an elementary school teacher at Astumbo Elementary School, J.A. Pangelinan was most recently an Emergency Medical Dispatcher Supervisor, and R.T. Candaso was most recently a Program Coordinator III for the Disabled Veterans' Outreach Program. *Id.* at p. 5. On December 31, 2018, the Employees filed a grievance at the CSC.[1] *See Id.* at p. 4. The employees did not allege in their grievances that the Step 1 personnel actions in question affected their performance or work conditions, as required by the definition of grievance and DOA PR&R 12.200[2] and 12.301(e).[3] *See Id.* at p. 5.

On February 6 and 19, and March 12, 2019, the Grievance Review Board met and determined that "no specific rule, regulation, or policy had been violated," and recommended that the grievance be dismissed. *See Id.* at p. 6. The [Grievance Review] Board focused on how

---

[1] 19-GRE01

[2] Grievances may include but are not limited to, such matters as employment supervisor relationships, duty assignments not relate to job classification, shift and job location assignments, hours worked, working facilities and conditions, policies for granting leave and other related matters. DOA PR&R Rule 12.200.

[3] General Exclusions—The following actions are not covered by these grievance procedures:
...
E. Appeals from classification determinations.
...
DOA PR&R Rule 12.301(E).

4 GCA § 2108[4] states there *may* be entitlement (not "must") "if they apply for the same or comparable job in the same department," and found "same or comparable job" as the "key meaning" in this case and that thus, § 2108 does not apply to the Grievants. *See Id.*

Then on August 13, 2020, several events took place. First, Employees filed an Amended Grievance Complaint, which mentioned post audit. Second, the CSC held a hearing on [GFD's] Motion to Dismiss and to Strike exhibits outside the scope of the grievance. Both motions were denied. Third, the CSC, *sua sponte*, initiated the first employee post audit.[5] *See Id.* pp. 6 – 7. Both the first and second post audits, 20-PA05 and 21-PA06, were initiated and conducted within the context of a grievance based on the same facts. *See Id.* p. 7.

On April 4 or 6, 2021, the CSC held a motion hearing to reconsider the August 13, 2020, denial. *See Id.* p. 8. At that same reconsideration hearing CSC Chairman Calvo justified the post audit investigation by saying, "We have to get the facts." *See Id.* p. 9.

Turning back to the instant case, on June 27, 2022, Employees filed their Motion to Dismiss the Petition, basing their arguments in the Guam Rules of Civil Procedure ("GRCP") 12(b)(6), Title 4 GCA Section 4406, and *Carlson v. Perez*, 2007 Guam 6. *See* Mot. to Dismiss p. 1 (Jun. 27, 2022). GFD filed its Opposition on July 25, 2022. A hearing on the motion was held on January 5, 2023, wherein the parties made their arguments, and the Court took the matter under advisement.

---

[4] Former classified employees of government of Guam who were in good standing at the time of resignation *may* be hired at not less than the salary they earned at their former position if they apply for the *same or comparable job in the same department.* This re-employment credit privilege must be exercised within a four (4) year period. The employee may waive this privilege. 4 GCA § 2108 (emphasis added).

[5] 20-PA05

## DISCUSSION

Employees move this Court to dismiss pursuant to the GRCP Rule 12(b)(6), Title 4 GCA Section 4406, and *Carlson v. Perez*, 2007 Guam 6 ¶ 61. *See* Mot. to Dismiss p. 1 (Jun. 27, 2022). Ultimately, Employees argue that since GFD failed to seek judicial review within thirty (30) days required by *Carlson v. Perez*, the petition is untimely and the Court is without jurisdiction to grant any relief requested. *See Id.* pp. 3 – 4. The Court addresses Employees' argument and its legal authority in turn.

## I.  STATUTE OF LIMITATIONS

### a)  The 30-day rule in *Carlson v. Perez*, 2007 Guam 6, does not apply.

Employees rely on *Carlson*, for the contention that "due to unestablished statutory timelines to file an appeal, the Supreme Court of Guam imposed a thirty (30) day judicially created limitation to appeal all CSC decisions." *See* Mot. to Dismiss p. 3 (Jun. 27, 2022). GFD argues that the Administrative Adjudication Law ("AAL") provides for 60 days to file for judicial review. *See* Opp'n p. 2 (Jul. 25, 2022). Therefore, the first issue in the Court's analysis is to identify the applicable statute of limitations to file for judicial review.

In *Carlson*, the Supreme Court explained that the exercise of the right to judicial review has developed in an *ad hoc* manner. The Supreme Court cited to *University of Guam v. Civil Service Commission*, 1995 WL 222212 at *1 (D. Guam App. Div. 1995), which concerned an aggrieved employee who sought judicial review. In the *University of Guam* case, the Appellate Division noted that [Title 4] section 4406 [which establishes *Adverse Action* Procedures and Appeals] provides only guidance, [and that] "the statute is … silent on the procedures for obtaining review."" *See Carlson*, 2007 Guam 6 ¶ 61; citing *University of Guam*, 1995 WL 222212 at *1. Further, in the *University of Guam* case, the court held that "since the statute [Title 4 GCA Section 4406] was silent and the CSC had not adopted regulations for review, …

it was appropriate to impose a judicially-created statute of limitations for appeal of a decision of the CSC. *See Id.*; citing *University of Guam*, 1995 WL 222212 at *3.

Further, the *University of Guam* case relied on *Tyndzik v. Guerrero*, 1992 WL 245889 (D. Guam App. Div. 1992). In *Tydnzik*, the court citied to Title 7 GCA Section 7117:

> When jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of the proceeding be not specifically pointed out by law or by rules of procedure adopted by the Supreme Court, any suitable process or mode of proceedings may be adopted which may appear most conformable to the spirit of this Title.

*See Carlson*, 2007 Guam 6 ¶ 62; citing *Tyndzik*, 1992 WL 245889 at *1; citing 7 GCA § 7117. Based on this authority, the *Tyndzik* court held that it had the authority to judicially adopt a rule, and as such, it imposed a "judicially-created rule that a CSC decision *had to be appealed within 30 days of its issuance.*" *See Id.* (emphasis added); citing *Tyndzik*, 1992 WL 245889 at *1.

Eventually, in 2002, the CSC adopted the CSC adopted the 30-day rule that was first promulgated in *Tyndzik. See Id.* at ¶ 63; CSC Adverse Action Rule 11.7.7 (2002); *see also* CSC Amend. Adverse Action Rule 11.7.8 (2010). Such rules became known as the "Rule of Procedure for *Adverse Action Appeals.*" *See* CSC Adverse Action Rules (2002) (emphasis added). These rules were later amended in 2010, and are now known as the "Amended Adverse Appeal Rules of Procedure." CSC Amend. Adverse Action Rules (2010).

The authority discussed above concerns matters of adverse action. The term "'adverse action' implies the taking of some disciplinary measure." *Guam Federation of Teachers v. Government of Guam*, 2013 Guam 14 ¶ 53. Instant case, however, is not a matter of adverse action. Instead, the instant case is a Petition for judicial review concerning post audits that were *sua sponte* initiated by the CSC. *See* Petition pp. 7 - 8 (April 25, 2022). As such, the 30-day statute of limitations is not applicable here.

**b) Resorting to the Administrative Adjudication Law ("AAL") is appropriate here.**

In *Carlson*, the Supreme Court held that "where the agency's specified legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action." *Carlson*, 2007 Guam 6 ¶ 59. The Supreme Court further held that "the law establishing the CSC governs appeals to the CSC from *adverse actions* and provides for judicial review of the CSC decisions." *Id.* ¶ 60; citing 4 GCA § 4105(b), 4403(b), and 4406. Resorting to Guam's AAL is not appropriate in cases where specific legislation directing the process for judicial review exits. *See Id.*

Here, unlike matters of adverse action, which are governed by Title 4 GCA § 4406 and the Rules of Procedure for Adverse Actions adopted by the CSC, no specific legislation or adopted rules exists to govern the procedures for judicial review of a post audit matter. As such, resorting to the AAL would be appropriate here. *See Carlson*, 2007 Guam 6 ¶ 60 (Inferring that where there is no specific legislation directing how the agency action is to be judicially review resulting to the AAL would be appropriate). As such, the Court turns to the AAL.

The judicial review of Guam's AAL is found at Title 5 GCA Section 9240:

> Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence.

5 GCA § 9240; *see* also *Carlson*, 2007 Guam 6 ¶ 58. Further, the judicial review procedure is set out in Section 9241:

> Judicial review may be had by filing a petition in the Superior Court for a writ of mandate in accordance with the provisions of the Code of Civil Procedure. Except as provided in this Section *any petition shall be filed within thirty (30) days after the last day on which reconsideration can be ordered.* The right to petition shall not be affected by the failure to seek reconsideration before the agency.

5 GCA § 9241 (emphasis added). The time in which reconsideration can be ordered is established in Section 9235:

> The agency may order a reconsideration of all or part of the case on its own motion or on petition of any party. The *power to order a reconsideration shall expire thirty (30) days after the delivery or mailing of a decision to respondent,* or on the date set by the agency as the effective date of the decision if such date occurs prior to the expiration of the thirty-day period. If action is not taken on a petition within the time allowed for ordering reconsideration the petition shall be deemed denied.

5 GCA § 9235(a) (emphasis added). This is to say that the statute of limitations to bring a petition starts 30 days after the decision is delivered. The CSC's judgment was delivered on March 17, 2022. The time in which the CSC has the power to order reconsideration begins on March 17, 2022, and ends 30 days thereafter, which is April 16, 2022.[6] As such, the statute of limitations to file a petition for judicial review begins on April 16, 2022, and ends 30 days thereafter, which is May 16, 2022.[7] In other words, the statute of limitations to file a petition is 60 days. In this case, the statute of limitations begins on March 17, 2022, and ends on May 16, 2022. The Petition here was filed on April 25, 2022, which is well before May 16, 2022.[8] The Court now turns to the GRCP Rule 12(b)(6) standard.

## II.    GRCP 12(b)(6)

Generally, GRCP Rule 8 provides, in relevant part that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Ukau v. Wang,* 2016 Guam 26 ¶ 21; *see* Guam R. Civ. P. 8(a). When interpreting the plain language of Rule 8(a), [the Supreme Court] has historically held that "Guam law requires only *notice pleading,* not fact pleading." *Id.* (emphasis added); citing

---

[6] April 16, 2022, is a Saturday.

[7] May 18, 2022, is 30 days from April 18, 2022.

[8] Even if the Court were to calculate the statute of limitations beginning on Monday, April 18, 2022, and ending on Monday, May 16, 2022, the Petition would still be considered timely as it was filed on April 25, 2022.

*Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see* also *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the Guam Supreme Court has declined to adopt the "plausibility standard," and instead endorsed the *Conley* standard: "A complaint should not be dismissed for failure to state a claim unless it 'appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Ukau*, 2016 Guam 26 ¶¶ 26 - 27; citing *Core Tech International Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52.

Further, GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ukau*, 2016 Guam 26 ¶ 26; quoting *Core Tech.*, 2010 Guam 13 ¶ 52. Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it *imposes only a liberal notice pleading requirement. See Id.* at ¶ 33 (emphasis added). When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is *limited* to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech*, 2010 Guam 13 ¶ 29 (emphasis added).

Therefore, the next issue in the Court's analysis is to determine whether GFD provided a short and plain statement sufficient to put Employees on notice of the timeliness of its Petition starting on March 17, 2022. Here, the Petition states:

> This pattern tarnishes the record used as the basis for the March 17, 2022 Null and Void Judgment.

Petition p. 37 (April 25, 2022). In viewing the pleadings in a light most favorable to GFD, as the non-moving party, the Court finds that the allegation cited above is a short plain statement sufficient to put Employees on notice that the statute of limitations to file a petition began on March 17, 2022. As discussed above, the Petition was filed on April 25, 2022, which was within the 60-day statute of limitations according to the AAL.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Employees' Motion to Dismiss.

**IT IS SO ORDERED** MAR 3 1 2023 .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam